IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCOS GABRIEL MORENO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-757 |
| | § | |
| LORIE DAVIS, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Court[1] in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 6) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered Respondent's Motion for Summary Judgment, Petitioner's Response (Document No. 9) and Motion for an Evidentiary Hearing (Document No. 8), the claims raised by Petitioner in his § 2254 Application for Writ of Habeas Corpus (Document No. 1), the summary judgment evidence, and the applicable law, the Court ORDERS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 6) is GRANTED, Petitioner's Motion for an Evidentiary Hearing (Document No. 8) is DENIED, and Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED WITH PREJUDICE.

---

[1] On September 25, 2017, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 14.

# I.    Introduction and Procedural History

Marcos Gabriel Moreno ("Moreno") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), as a result of a 2014 felony conviction for obstruction/retaliation in the 246th District Court of Williamson County, Texas, cause no. 14-0308-K26, for which he was sentenced to six years incarceration. Moreno is not challenging the validity of that conviction, and therefore the procedural history associated with that conviction is not relevant to this proceeding.

In this proceeding, Moreno is challenging the validity of a prison disciplinary proceeding, disciplinary case no. 20170119560, in which he was charged with and found guilty of exposure to bodily fluids, a level 1, code 3.5 offense, and pursuant to which he was assessed, as punishment: 1) a loss of 45 days of recreation privileges; 2) a loss of 45 days of commissary privileges; 3) a reduction in earning class from L1 to L3; and 4) a loss of 300 days of good conduct time. Moreno filed both a step one and a step two grievance, appealing the result of the disciplinary proceeding. The step one grievance, filed on December 29, 2016, was denied on February 6, 2017. The step two grievance, filed on February 7, 2017, was denied on February 24, 2017. This § 2254 proceeding, filed by Moreno on or about March 6, 2017, the date he signed and dated the § 2254 application, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 6), to which Moreno has filed a Response (Document No. 9) and a Motion for Evidentiary Hearing (Document No. 8).

## II.     Claims

Moreno alleges three claims related to disciplinary proceeding no. 20170119560:

1.      that there was no evidence – only "undocumented" evidence – to support the
hearing officer's finding of guilt;

2.      that he was improperly held in pre-hearing detention for more than 72 hours;
and

3.      that the hearing officer was biased.

In the Motion for Summary Judgment Respondent argues that Moreno has not, with respect to his

claim that he was improperly held in pre-hearing detention for more than 72 hours (claim two),

exhausted his state law remedies and that that claim should be dismissed as unexhausted and

procedurally barred.  As for the other two claims, Respondent argues that no relief is available to

Moreno because he has not, given his ineligibility for mandatory supervision release, stated a viable

Due Process claim.  Moreno, in response to the Motion for Summary  Judgment, argues that he

should, notwithstanding his ineligibility for parole and/or mandatory supervision release, be able to

prove tat he was not guilty of the infraction made the basis of disciplinary case no. 20170119560.


## III.     Discussion – Exhaustion and Procedural Bar – Claim 2

Federal habeas corpus petitioners are required to exhaust their available state law remedies.

*Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  The exhaustion requirement exists whether the

petitioner is challenging his conviction or a prison disciplinary action. *See Foley v. Cockrell*, 222

F.Supp.2d 826, 828 (N.D. Tex. 2002); *see also Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir.

1993); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980), *cert. denied*, 449 U.S. 1085 (1981).

An inmate who challenges a prison disciplinary proceeding must exhaust his state law remedies by following "the two-step prison grievance process." *Foley*, 222 F.Supp.2d at 828. Under this process, an inmate must file a "step one" grievance within fifteen days of the occurrence made the basis of the grievance. Then, the inmate has fifteen days from the date the step one grievance is denied to file a step two grievance. Upon completion of the two step grievance process, an inmate who is challenging a prison disciplinary proceeding is considered to have exhausted his state law remedies. *See Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (declining to entertain claims related to a prison disciplinary proceeding in a state habeas corpus proceeding, and determining that such claims are to be resolved within the administrative framework provided by the Texas Department of Corrections).

Where an inmate has not raised his claims in both a step one and a step two grievance, the claims are unexhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (both steps of the grievance process must be completed). In addition, because only the only mechanism available for exhausting state law remedies vis-a-vis claims arising from a prison disciplinary proceeding is this two-step grievance process, an inmate's failure to avail himself of the process in a timely and procedurally correct manner renders the unexhausted claims procedurally barred from review. *See generally Colemen v. Thompson*, 501 U.S. 722, 735 (1991); *see also e.g., Hunt v. Dretke*, 2005 WL 1613166 (N.D. Tex. 2005); *Spann v. Dretke*, 2005 WL 1406044 (N.D. Tex. 2005).

Here, the summary judgment evidence shows that Moreno filed a timely step one grievance on December 29, 2016, and included therein a complaint about being held in pre-hearing detention for more than 72 hours (Document No. 7-1 at 3). The step one grievance was denied on February 6, 2017. Moreno then filed a step two grievance on February 7, 2017, but did not include in that step

two grievance – either explicitly or implicitly – any complaint about the time he spent in pre-hearing detention (Document No. 7-1 at 5-6). The step two grievance was denied on February 24, 2017. As argued by Respondent, because Moreno did not include in *both* his step one and step two grievance his complaint about the time he spent in pre-hearing detention, Moreno did not exhaust his state law remedies with respect to that claim. That failure to exhaust his state law remedies renders his claim about the time he spent in pre-hearing unexhausted, procedurally barred from review, and subject to dismissal with prejudice. *See e.g., Turner v. Thaler*, 2010 WL 5188155 (S.D. Tex. 2010).

## IV.   Discussion – Merits – Claims One and Three

Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to remedy constitutional violations rights which affect the "fact or duration" of an individual's physical imprisonment. *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973). Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is not available to remedy alleged constitutional violations which would not lead to either 1) an automatic shortening of an individual's sentence or 2) the individual's immediate release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996)).

Here, as argued by Respondent, Moreno's complaints about disciplinary case no. 20170119560 had no effect on Moreno's sentence or the validity of his confinement. That is because the loss of commissary and recreation privileges had no effect on the sentence Moreno is serving, and the absence of such discipline would not have led to a shortening of Moreno's sentence or his immediate release. Similarly, Moreno's reduction in earning class from L1 to L3 did not affect the length of Moreno's sentence, and therefore does not provide a basis for § 2254 relief. *See Luken*

*v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Finally, with respect to Moreno's loss of 300 days of good time credit, because Moreno had prior convictions for robbery and aggravated assault, both of which are second degree felonies, *see* TEXAS PENAL CODE § 22.02(b) (defining aggravated assault as a second degree felony); TEXAS PENAL CODE § 2902(b) (defining robbery as a second degree felony), Moreno was not eligible for mandatory supervision, TEX. GOV'T CODE § 508.149(a)(7), (11) (West) ("(a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of: (7) a first degree felony or a second degree felony under Section 22.02, Penal Code; (11) a second degree felony under Section 29.02, Penal Code."), and any consequent loss of good time credits did not affect Moreno's sentence or his release date. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (if petitioner is not eligible for mandatory supervision under Texas law, he has no cognizable claim in a § 2254 proceeding for loss of good time credits); *Campos v. Johnson*, 958 F. Supp. 1180, 1190 (W.D. Tex. 1997) ("[I]nsofar as petitioner, whose [sic] is statutorily ineligible for release on mandatory supervision, may have been improperly deprived of good time credits, that claim does not provide a basis for federal habeas corpus relief"). Accordingly, Moreno's complaints about disciplinary proceeding 20170119560 are not cognizable or redressable under 28 U.S.C. § 2254, and must be dismissed. *See Rhea v. Davis*, Civil Action No. H-16-0842, 2016 WL 4939357 (S.D. Tex. Sept. 14, 2016) (Lake, J.) ("a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good time credit."). As for Moreno's arguments that he should be able

6

to litigate herein, for "justice" purposes, the sufficiency of the evidence supporting the finding of guilt in disciplinary case no. 20170119560, such arguments fail to take into account that there is no remedy available to Moreno under § 2254 given his ineligibility for mandatory supervision release. Accordingly, Moreno's request for an evidentiary hearing must be denied.

## V.  **Conclusion and Order**

Based on the foregoing, and the conclusion that Petitioner Marcos Gabriel Moreno's claims are either unexhausted and procedurally barred from review or do not state a viable Due Process claim given Moreno's ineligibility for mandatory supervision release, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 6) is GRANTED, and Petitioner's Application for Writ of Habeas Corpus (Document No. 1) is DENIED and DISMISSED WITH PREJUDICE. In addition, because there is no need for any factual development of the record given the absence of a remedy for Moreno under § 2254, it is further ORDERED that Petitioner's Motion for Evidentiary Hearing (Document No. 8) is DENIED. Finally, because reasonable jurists would not debate the correctness of the procedural or substantive rulings made herein a Certificate of Appealability is DENIED.

Signed at Houston, Texas, this 5ᵗʰ day of December, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE